✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA
v.
__WARREN EDWARD FORNEY__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  1:08 cr 107-3

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- [X] (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a [X] federal offense [ ] state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    - [ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - [ ] an offense for which the maximum sentence is life imprisonment or death.
    - [X] an offense for which a maximum term of imprisonment of ten years or more is prescribed in __21 U.S.C. § 841(a)(1)__ .*
    - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [X] (3) A period of not more than five years has elapsed since the [ ] date of conviction [X] release of the defendant from imprisonment for the offense described in finding (1).
- [X] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- [X] (1) There is probable cause to believe that the defendant has committed an offense
    - [X] for which a maximum term of imprisonment of ten years or more is prescribed in __21 U.S.C. § 841(a)(1)__ .
    - [ ] under 18 U.S.C. § 924(c).
- [X] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- [X] (1) There is a serious risk that the defendant will not appear.
- [X] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by [X] clear and convincing evidence [X] a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____  _____
*Date*                     *Signature of Judge*

Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08 cr 107-3

**UNITED STATES OF AMERICA,**

Vs.                                                      **ADDENDUM TO**
                                                         **DETENTION ORDER**

**WARREN EDWARD FORNEY.**

---

**I.  FACTORS CONSIDERED**

   **18 U.S.C. § 3142:**

   **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

   **(1)**  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

   **(2)** the weight of the evidence against the person;

   **(3)**  the history and characteristics of the person, including--

   **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

   **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

**II**.                                                  **FINDINGS**

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a conspiracy to distribute cocaine base, commonly known as crack cocaine and thus involves a controlled substance.

**(g)(2):** The weight of the evidence against the person appears to be at the level of probable cause. The only evidence presented as to this issue was the presentation of the bill of indictment. In the bill of indictment, the grand jury found probable cause to believe that the defendant had committed the above referenced offense.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties in the Rutherford and McDowell county communities, both through his mother who resides in McDowell County and his father who resides in Rutherford County. Two of the defendant's children reside in Rutherford County. The defendant has five out-of-wedlock children who also reside in Rutherford County. The defendant has had self-employment. He is in good physical condition and has no history of mental health issues. The defendant's history relating to drug or alcohol abuse shows that he has smoked marijuana since he was a teenager. The defendant is presently 46 years old. In regard to the defendant's criminal history, the defendant has the following convictions:

| Offense | Conviction Date |
|---|---|
| Assault on a female | 10/12/81 |
| Worthless check | 05/13/83 |
| Theft, Maryland | 10/30/88 |
| Non-support of illegitimate child | 09/17/86 |
| Assault | 05/18/87 |
| Assault on female | 06/24/87 |
| Assault on female | 08/26/87 |
| Assault on female | 08/17/88 |
| Possession of up to ½ oz of marijuana | 10/31/91 |
| Carrying a concealed weapon | 10/31/91 |
| Driving while license revoked | 06/05/91 |
| No operators license | 06/05/91 |
| 3 counts of fraudently obtaining ESC benefits | 03/03/93 |
| Felony possession of a schedule II controlled substance | 08/26/92 |
| Simple possession of a schedule VI controlled substance | 08/26/92 |
| No operators license | 03/17/93 |
| Felony possession of cocaine | 02/10/93 |
| Possession of up to ½ oz marijuana | 03/24/93 |

| | |
|---|---|
| Carrying a concealed weapon | 08/11/94 |
| Possession with intent to distribute cocaine base, having a firearm during and in relation to the commission of a felony, U.S. District Court | 05/02/95 |
| Discharging a firearm in the city | 12/07/00 |
| Driving while license revoked | 05/20/03 |
| Driving while license revoked | 05/20/03 |
| Driving while license revoked | 09/26/05 |
| Domestic violence protection order violation | 04/21/05 |
| Driving while license revoked, failure to appear on a misdemeanor | 05/07/07 |
| Possession of up to ½ oz marijuana | 11/21/07 |

The defendant's record concerning appearance at court appearances shows that the defendant has failed to appear on charges of speeding in McDowell county on January 5, 1993. The defendant was convicted of failure to appear on a misdemeanor on May 7, 2007. The defendant failed to appear on November 7, 2008 in regard to a charge of failure to wear a seatbelt and driving while license revoked. The defendant was charged with driving while license revoked on February 5, 2005 and was convicted on December 6, 2005 in district court and appealed this conviction to the superior court. The defendant failed to appear on August 3, 2006 and the charges against the defendant were dismissed with leave. A proffer was made by the government that the defendant had attempted to hide himself from service of the bill of indictment and arrest since October 2008 until the defendant's recent arrest.

    (B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant was placed unsupervised probation on May 7, 2007 and also was placed on unsupervised probation on November 21, 2007.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. Due to the nature of the charges against the defendant a presumption is created that presumes that the release of the defendant would create a risk of harm or danger to any other person or the community. This presumption is subject to rebuttal by the defendant. The undersigned finds by clear and convincing evidence that the defendant has not rebutted the presumption. The defendant has 25 misdemeanor convictions and four felony convictions. Each of the four felony convictions involve the sale and distribution of cocaine base. The undersigned finds by clear and convincing evidence that not only has the presumption not been rebutted, the release of the defendant would create a risk of harm or danger to any other person or the community.

The charges against the defendant also create a presumption that the release of the defendant would create a risk of flight on his part. This presumption is also subject to rebuttal by the defendant. The undersigned finds by a preponderance of the evidence that the presumption has not been rebutted. The defendant has failed to appear on multiple occasions on charges much less serious than those which have presently been brought against the defendant. Due to the fact the defendant has four felony convictions, three of which involve cocaine base, the defendant is subject to, as punishment, a mandatory term of life imprisonment without release. The defendant has attempted to secrete himself from the time of the issuance of the bill of indictment on October 8, 2008 until his recent arrest on May 3, 2009. These factors show by a preponderance of the evidence that the release of the defendant would create a

risk of flight on his part. As a result of the foregoing, the undersigned has determined to enter an order detaining the defendant pending further proceedings in this matter.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: June 8, 2009

Dennis L. Howell
United States Magistrate Judge